F I L E D
Clerk
District Court

'JUL 2 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  LEONARDO M. RAPADAS
   United States Attorney
2  JAMIE D. BOWERS
   TIMOTHY E. MORAN
3  Assistant U.S. Attorneys
   DISTRICT OF THE NORTHERN
4    MARIANA ISLANDS
   Horiguchi Building, Third Floor
5  P.O. Box 500377
   Saipan, MP 96950
6  Telephone: (670) 236-2982
   Fax:      (670) 236-2985
7

8  Attorneys for the United States of America

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN MARIANA ISLANDS
11

12 UNITED STATES OF AMERICA,        )   Criminal Case No. 04-00038
                                    )
13                     Plaintiff,   )
                                    )   GOVERNMENT'S PROPOSED JURY
14          v.                      )   INSTRUCTIONS
                                    )
   ERIC JOHN TUDELA MAFNAS,         )   Jury Trial: Monday, August 1, 2005
15 CHARLEY K. PATRIS, and           )   Time:      9:00 a.m.
   CARL CABRERA,                    )
16                                  )
                      Defendants.   )
17 _____

18      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

19 Leonardo M. Rapadas, United States Attorney, and Jamie D. Bowers and Timothy E. Moran,

20 Assistant United States Attorneys, and hereby files its proposed jury instructions.

21                              LEONARDO M. RAPADAS
                                United States Attorney
22                              Districts of Guam and the NMI

23 Date: 7/25/05

24                         By: _____
                                JAMIE D. BOWERS
                                TIMOTHY E. MORAN
25                              Assistant United States Attorney

INSTRUCTION __1__

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION __2__

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

1

INSTRUCTION __3__

2

[if applicable]

3       A defendant in a criminal case has a constitutional right not to testify.   No

4   presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that

5   the defendants did not testify.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1

INSTRUCTION __4__

2    Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is

3 guilty. It is not required that the government prove guilt beyond all possible doubt.

4    A reasonable doubt is a doubt based upon reason and common sense and is not based purely

5 on speculation. It may arise from a careful and impartial consideration of all the evidence, or from

6 lack of evidence.

7    If after a careful and impartial consideration of all the evidence, you are not convinced

8 beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.

9 On the other hand, if after a careful and impartial consideration of all the evidence, you are

10 convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant

11 guilty.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1

INSTRUCTION _5_

2      The evidence from which you are to decide what the facts are consists of:

3      (1) the sworn testimony of any witness;

4      (2) the exhibits which have been received into evidence; and

5      (3) any facts to which all the lawyers have stipulated.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION  6

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION ___7___

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence

8

1                         INSTRUCTION   8

2         In deciding the facts in this case, you may have to decide which testimony to believe and

3   which testimony not to believe. You may believe everything a witness says, or part of it, or none of

4   it.

5         In considering the testimony of any witness, you may take into account:

6         1.      the opportunity and ability of the witness to see or hear or know the things testified to;

7         2.      the witness' memory;

8         3.      the witness' manner while testifying;

9         4.      the witness' interest in the outcome of the case and any bias or prejudice;

10        5.      whether other evidence contradicted the witness' testimony;

11        6.      the reasonableness of the witness' testimony in light of all the evidence; and

12        7.      any other factors that bear on believability.

13        The weight of the evidence as to a fact does not necessarily depend on the number of

14   witnesses who testify.

1

INSTRUCTION 9

2

[if applicable]

3

Defendant _____ has testified.  You should treat this testimony just as you would

4

the testimony of any other witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION   10

The defendants are on trial only for the crimes charged in the indictment, not for any other activities.

INSTRUCTION  11

[if applicable]

You have heard evidence of other crimes, acts and wrongs engaged in by a defendant. You may consider that evidence only as it bears on that defendant's intent, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

INSTRUCTION __12__

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and each count.

INSTRUCTION  13

[if applicable]

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION __14__

You have heard testimony that a defendant or defendants made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

1

INSTRUCTION  15

2

3        You have heard evidence that _____, a witness, has been convicted of a felony. You may

4  consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this

5  witness and how much weight to give to the testimony of that witness.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16

INSTRUCTION  16

You have heard testimony from _____, a witness who admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  For this reason, in evaluating the witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by this factor. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

INSTRUCTION _17_

You have heard testimony from a _____, a witness who pleaded guilty to a crime arising out of the same events for which the defendants are on trial.  This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability.  You should consider such testimony with greater caution that of other witnesses.

INSTRUCTION 18

A defendant may be found guilty of any of the crimes charged in the indictment, even if that defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime charged in the indictment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime charged in the indictment; and

Third, the defendant acted before the crime was completed.


It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit robbery interfering with interstate or foreign commerce.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

19

1

INSTRUCTION  19

2

Defendant Mafnas and Patris are charged in Count One of the indictment with conspiring to

3

commit an offense against the United States; specifically, theft concerning programs receiving

4

federal funds, perjury, and false statements within the jurisdiction of the Federal Bureau of

5

6

Investigation, in violation of Section 1951 of Title 18 of the United States Code. In order for the

7

defendant to be found guilty of that charge, the government must prove each of the following

8

elements beyond a reasonable doubt:

9

First, from in or about April, 2002, through December, 2003, there was an agreement

10

between two or more persons to commit at least one of the crimes as charged in the indictment,

11

namely theft, perjury or false statements;

12

Second, the defendant became a member of the conspiracy knowing of at least one of its

13

objects and intending to help accomplish it; and

14

15

Third, one of the members of the conspiracy committed at least one overt act for the purpose

16

of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was

17

committed.

18

19

I shall discuss with you briefly the law relating to each of these elements.

20

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to

21

commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it

22

does not matter whether the crime agreed upon was committed.

23

For a conspiracy to have existed, it is not necessary that the conspirators made a formal

24

25

agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they

20

simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

INSTRUCTION  20

You must decide whether the conspiracy to commit an offense against the United States existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

INSTRUCTION  21

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION _22_

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

24

INSTRUCTION  23

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed  that crime.

Therefore, you may find a defendant guilty of theft concerning a program receiving federal funds as charged in Count Two, false statements as charged in Counts Five and Six, and perjury as charged in Counts Seven and Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.  a person committed the specific crime as alleged in Count Two, Five, Six, Seven and Eight;

2.  the person was a member of the conspiracy charged in Count One of the indictment;

3.  the person committed the crime furtherance of the conspiracy;

4.  the defendant was a member of the same conspiracy at the time the offense charged in Counts Two, Five, Six, Seven and Eight was committed; and

5.  the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

25

INSTRUCTION  24

Defendants Mafnas and Patris are charged in Count Two of the indictment with theft concerning a program receiving federal funds in violation of Section 666 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was an agent of the CNMI Department of Public Safety;

Second, the CNMI Department of Public Safety received at least $10,000 within a one-year period in assistance from the United States in the form of grants, contracts, subsidies, or loans; and

Third, the defendant stole property that is valued at $5,000 or more and is owned by or under the care, custody or control of the CNMI Department of Public Safety.

An agent is a person who is authorized to act on behalf of the CNMI Department of Public Safety, including an employee, officer or representative.

United States v. Simas, 937 F.2d 459 (9th Cir. 1991).

26

INSTRUCTION _25_

In determining the value of the stolen property at issue in Count Two of the indictment, if you find that a defendant stole methamphetamine or "ice," a controlled substance, you must include the value of that property even though it cannot be sold legally. In valuing methamphetamine or ice, you should ascribe the value in the market in which it would have been sold. That is, you must give methamphetamine or ice its "street value" to drug users. You must decide the "street value" according to the testimony you have heard. It does not matter that methamphetamine or ice has no value to the government.

United States v. Gordon, 638 F.2d 886 (5th Cir. 1981); United States v. Bullock, 451 F.2d 884, 890 (5th Cir. 1971); United States v. Kroesser, 731 f.2d 1509, 1517-18 (11th Cir. 1984).

1

INSTRUCTION _26_

2

3       Defendant Mafnas and Patris are charged in Counts Five and Six of the indictment with

4   making false statements within the jurisdiction of an agency of the United States in violation of

5   Section 1001 of Title 18 of the United States Code.  In order for a defendant to be found guilty of

6   that charge, the government must prove each of the following elements beyond a reasonable doubt:

7       First, the defendant made a false statement in a matter within the jurisdiction of the Federal

8   Bureau of Investigation;

9       Second, the defendant acted willfully, that is deliberately and with knowledge that the

10  statement was untrue; and

11

12      Third, the statement was material to the  activities or decisions of the Federal Bureau of

13  Investigation. A statement is material if it could have influenced the agency's decisions or activities.

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION  27

Defendants Mafnas is charged in Count Seven of the indictment with perjury in violation of Section 1623 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath orally that he received a letter from Assistant Attorney General Don Wolfe and about a conversation among Mafnas, Patris, and Assistant Attorney General Wolfe regarding destruction of the Chizuwa ice;

Second, the testimony was false;

Third, the false testimony was material to the matters before the grand jury; and

Fourth, the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

All of you must agree as to which statement was false.

INSTRUCTION  28

Defendants Patris is charged in Count Eight of the indictment with perjury in violation of Section 1623 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath orally that Eric Mafnas received a letter from Assistant Attorney General Don Wolfe and about a conversation among Mafnas, Patris and Assistant Attorney General Wolfe regarding destruction of the Chizuwa ice;

Second, the testimony was false;

Third, the false testimony was material to the matters before the grand jury; and

Fourth, the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

All of you must agree as to which statement was false.

INSTRUCTION _29_

Defendants Mafnas and Cabrera are charged in Count Three of the indictment with conspiring to possess with intent to distribute and to distribute a controlled substance, namely methamphetamine in the form commonly known as "ice," in violation of Section 846 of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, from on or about May 13, 2003, through December, 2003, there was an agreement between two or more persons to possess with intent to distribute and to distribute a controlled substance, namely methamphetamine in the form commonly know as "ice;" and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the

31

1    indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the
2    conspirators agreed to commit.
3
          One becomes a member of a conspiracy by willfully participating in the unlawful plan with
4
     the intent to advance or further some object or purpose of the conspiracy, even though the person
5
     does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully
6
7    joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has
8    no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of
9    the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a
10   conspirator merely by associating with one or more persons who are conspirators, nor merely by
11   knowing that a conspiracy exists.
12
          An overt act does not itself have to be unlawful.  A lawful act may be an element of a
13
14   conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not
15   required to prove that the defendant personally did one of the overt acts.
16
17
18
19
20
21
22
23
24
25

INSTRUCTION  30

You must decide whether the conspiracy to possess with the intent to distribute and to distribute existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

This conspiracy is separate from the conspiracy to commit an offense against the United States. The law regarding conspiracies is the same for each.

33

INSTRUCTION  31

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.


It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

1

INSTRUCTION  32

2

3       Once a person becomes a member of a conspiracy, that person remains a member until that

4  person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose

5  of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You

6  may consider any definite, positive step that shows that the conspirator is no longer a member of the

7  conspiracy to be evidence of withdrawal.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

35

INSTRUCTION  33

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed  that crime.

Therefore, you may find a defendant guilty of possession with intent to distribute as charged in Count Four of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.  a person committed the specific crime of possession with intent to distribute as alleged in Count Four;

2.  the person was a member of the conspiracy charged in Count Three of the indictment;

3.  the person committed the crime furtherance of the conspiracy;

4.  the defendant was a member of the same conspiracy at the time the offense of possession with intent to distribute charged in Count Four was committed; and

5.  the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION  34

Defendants Mafnas and Cabrera are charged in Count Four of the indictment with possession of methamphetamine in the form commonly known as "ice" with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for a defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in the form commonly known as "ice;" and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

1

INSTRUCTION  35

2

Now, I want to say a word about the dates that have been mentioned in the indictment.

3

The indictment charges that the crimes occurred on approximately a certain date. The

4

Government does not have to prove that the crimes happened on that exact date. But the

5

Government must prove that the crimes occurred reasonably close to that date.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION   36

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION __37__

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

1

INSTRUCTION __38__

2

    Some of you have taken notes during the trial. Whether or not you took notes, you should

3

rely on your own memory of what was said. Notes are only to assist your memory. You should not

4

be overly influenced by the notes.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INSTRUCTION   39

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

INSTRUCTION  40

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

43

INSTRUCTION  41

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.